Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3664 | **DATE** | 10/31/2002 |
| **CASE TITLE** | Jones vs. Eric Martin & Associates et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiff's motions (Docs 13-1 & 14-1) to compel answers to discovery and to begin notice to members of the class are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 1 2002

JONAH JONES, )
)
Plaintiff, )
)
vs. ) 02 C 3664
)
ERIC MARTIN & ASSOCIATES, ERIC )
MARTIN, and ROBERT SIMRAD, )
)
Defendants. )

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the Court on Plaintiff Jonah Jones's ("Jones") motion to compel answers to written discovery and motion to begin notice to members of the plaintiff class. Jones seeks to have Defendants Eric Martin & Associates, Eric Martin and Robert Simrad ("Martin") respond to interrogatories. Martin refuses to comply with the discovery request and asserts that Jones's claim is moot because Martin, pursuant to Federal Rule of Civil Procedure 68, offered Jones $2,000 as a settlement which Martin asserts is more than Jones can recover if he prevails on his claims. However, Martin has yet to provide any evidence to support its assertion of Jones's maximum recovery. Simply stating the amount in a conclusory fashion does not make



it so. Martin had an opportunity to provide evidence to support the $2,000 figure in its briefs filed on September 27 and October 17, but has not done so. Since Martin has not shown that the $2,000 offer exceeds Jones' maximum possible recovery, we need not go any further in addressing whether the rejection of the settlement offer would render Jones's claim moot. Also, Martin relies on *Colbert v. Dymacol, Inc.*, 2002 WL 1974538 (3d Cir. 2002), to support its claim that a rejection of a Rule 68 offer renders a plaintiff's claim moot. That opinion was vacated on October 3, 2002 for a rehearing *en banc*.

Based on the present circumstances, no further delay in discovery is called for. Martin is hereby ordered to respond within three weeks of the date of this order to all of Jones's discovery requests served on Martin thus far. All answers to interrogatories shall be signed by the persons making them pursuant to Federal Rule of Civil Procedure 33(b)(2). All interrogatories sent thus far sent to Jones without the required signatures are to be sent again with the proper signatures. Martin mentions several times in its briefs that in court we have indicated that discovery is currently restricted to Jones only and not other class members. That is no longer the case and Martin shall accordingly comply with all class related discovery requests.

We also find that it is appropriate to provide class members with notice and thus grant the motion to begin notice to members of the plaintiff class. We order Martin to

submit the names and addresses of all past and present employees within the last three years, who serve or have served in a salaried office position the same as or similar to Plaintiff's position, who have or may have worked certain weeks in excess of forty hours within the last three years. Counsel for Jones and for Martin shall meet in person and discuss what notice and consent form is appropriate. If Martin believes that the notice and consent form proposed by Jones is inappropriate then Martin shall submit a proposed notification and consent form of its own. Disputed matters should be motioned before us. Defendants are also ordered to avoid any other unauthorized communications with potential class members regarding their potential Fair Labor Standards Act claims.

                                                                                      Charles P. Kocoras  
                                                                                      Chief Judge  
                                                                                      United States District Court

Dated:   October 31, 2002